UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61668-BLOOM/White

WILLIAM FINO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Movant William Fino's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support, ECF No. [1], filed on July 20, 2018 ("Motion"). The Motion was previously referred to the Honorable Patrick A. White for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF No. [2]. The Motion argues that at sentencing, Movant's sentence was improperly enhanced, and that Movant received a sentence at the high end of the guidelines despite the Government's recommending a sentence at the low end of the guidelines. Mot., ECF No. [1] at 4; *see also* Case No. 15-cr-60304, ECF No. [39] ("CR ECF"). On July 24, 2018, Judge White issued a R&R recommending that the Motion be denied as time-barred. ECF No. [5]. Both the Government and Movant filed objections. *See* ECF Nos. [6], [7].

In its objections, the Government disagrees with the starting date used by Magistrate Judge White in calculating the applicable one-year statute of limitations under 28 U.S.C. § 2255(f)(1), but does not disagree with the ultimate recommendation that the Motion is time-barred. ECF No. [6]. In his objections, Movant appears to argue, as he did in the Motion, that

his Motion is not time-barred pursuant to 28 U.S.C. § 2255(f)(3) in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018).

The Court has conducted a *de novo* review of Judge White's R&R, the Government's and Movant's objections, the record in this case and the applicable law, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds that the Government's objection is well-taken. In the R&R, Magistrate Judge White utilized the date of the amended judgment in the underlying criminal case—May 9, 2017—in order to begin the running of the statute of limitations; thus, according to the R&R, Movant's conviction became final on May 23, 2017, and Movant had until May 23, 2018 in which to file the Motion. However, the amended judgment did not change the substance of Movant's conviction or sentence, but merely specified that the sentence was to run concurrently with a state-imposed term of imprisonment. *See* CR ECF No. [44]. Indeed, the amended judgment was clerical in nature, and therefore, the date from which the statute of limitations began to run is the date of the original judgment, March 25, 2016, *see* CR ECF No. [39]. *See United States v. Diaz*, 190 F.3d 1247, 1253 (11th Cir. 1999) (where judgment that reflected the incorrect offense deemed a clerical error); *United States v. De La Rosa-Hernandez*, 157 F. App'x 219, 223 (11th Cir. 2005) (where judgment incorrectly referenced count of conviction as possession, instead of conspiracy to possess, deemed a clerical error). Accordingly, Movant's conviction became final on April 8, 2016, when the time to appeal the judgment expired. Movant had until April 10, 2017 in which to timely file the Motion. Thus, the Motion remains time-barred.

Nevertheless, Movant in his objections argues that the Motion is timely given the recent decision in *Dimaya*, in which the Supreme Court found the residual clause of the federal criminal

code's definition of "crime of violence" in 18 U.S.C. § 16(b) to be unconstitutionally vague in light of *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). Movant's objection is not well-taken for two reasons. First, Movant's objection simply restates an argument made in his Motion, and is therefore improper. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) Second, *Dimaya* does not apply to Movant's case, as he pled guilty to the offense of bank robbery in violation of 18 U.S.C. § 2113(a), which was not altered by the decision in *Dimaya*. Accordingly, Movant's objection is due to be overruled.

As a result, after this careful consideration the Court finds Judge White's Report to be correct in all other respects and in its ultimate determination that the Motion is time-barred. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Judge White's R&R, **ECF No. [5]**, is **ADOPTED IN PART**;

2. The Motion, **ECF No. [1]**, is **DENIED**;

3. The Certificate of Appealability is **DENIED**;

4. Any pending motions are **DENIED AS MOOT**; and

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

William Fino, *pro se*
100000-104
Lewisburg-USP
Inmate Mail/Parcels
Post Office Box 1000
Lewisburg, PA 17837

Magistrate Judge Patrick White